NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHRISTINA M. WALLACE, *Petitioner/Appellant*,

*v.*

DANNY MARQUEZ, *Respondent/Appellee*.

No. 1 CA-CV 17-0124 FC
FILED 9-21-2017

Appeal from the Superior Court in Maricopa County
No.  FC2002-000428
FC2007-053901
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

APPEARANCES

Christina M. Wallace
*Petitioner/Appellant*

Danny Marquez, Avondale
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

**¶1**        Christina Wallace Marquez Regalado ("Mother") appeals the superior court's order modifying legal decision-making and parenting time. For the following reasons, we affirm.

**¶2**        Mother and Danny Marquez ("Father") have two children— M.M. and V.M.  Mother petitioned for divorce and obtained a default decree of dissolution in 2008.  The decree gave Mother sole legal and physical custody of both children.  In 2016, and as relevant here, Father filed a petition to modify legal decision-making and parenting time.

**¶3**        Mother did not file a response to the petition, however, she participated with Father in a court-ordered parenting conference with a counselor.  M.M. (age 15 at the time) and V.M. (age 14 at the time) also participated, expressing their desires for future parenting time arrangements during their interviews with the counselor.  As a result of the conference, the parents agreed it was in the best interests of the children to change to joint legal decision-making but were unable to agree on parenting time issues.  The counselor provided a report to the superior court summarizing her discussions with the parents and children, and outlining several recommendations.

**¶4**        Following an evidentiary hearing, during which Father and Mother each testified, the superior court granted Father's petition, ordering joint legal decision-making authority for both children and establishing a detailed parenting time schedule.  Mother timely appealed.

**¶5**        We review the superior court's decision addressing legal decision-making and parenting time for an abuse of discretion. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013).  In considering a motion to modify, the court "must first determine whether there has been a change in circumstances materially affecting the child's welfare." *Id.*  The court must consider "all factors that are relevant to the child's physical and emotional well-being" and "make specific findings on the record about all

relevant factors and the reasons for which the decision is in the best interests of the child." Ariz. Rev. Stat. ("A.R.S.") § 25–403(A), (B).

¶6 Mother argues the superior court erred in ordering the parenting time as it did because, among other things, she should have been granted additional time with both children and the court ignored how the parties traditionally handled parenting time for the Christmas holiday. Mother, however, failed to provide a transcript of the evidentiary hearing for our review. *See* ARCAP 11(c)(1)(A) (imposing duty on appellant to ensure record contains all documents deemed necessary for proper consideration of issues on appeal). Thus, we must presume that the missing transcript supports the court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶7 Based on the record before us, we find no abuse of discretion. In its detailed order, the superior court noted it considered the testimony and demeanor of the witnesses, exhibits, case history, parenting conference report, and arguments of the parties. The court found there was a significant and continuing change in circumstances and included best interests findings for the eleven factors enumerated in A.R.S. § 25–403(A). The court also set forth a comprehensive parenting time schedule, explaining that the schedule "is practical and also maximizes each parent's parenting time to the extent it is in the children's best interests." Accordingly, we affirm the court's order.

